Filed 11/7/13  P. v. Castro CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JIMMY OMAR CASTRO,<br><br>Defendant and Appellant. | F066049<br><br>(Super. Ct. No. F12904940)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Kathleen A. McKenna, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Cornell, Acting P.J., Kane, J. and Franson, J.

Defendant Jimmy Omar Castro was convicted by jury of evading an officer, a felony (Veh. Code, § 2800.2, subd. (a); count 1), and resisting an officer, a misdemeanor (Pen. Code, § 148, subd. (a)(1);[1] count 2), based on a high speed car chase by two different patrol vehicles. The trial court sentenced defendant to two years on the evading count, plus one year for a prior prison term (§ 667.5, subd. (b)). On the resisting count, the court awarded credit for time served to satisfy the sentence. The court also awarded 237 days' presentence credit.

On appeal, defendant contends (1) the trial court should have stayed the sentence on the resisting count pursuant to section 654, (2) the trial court miscalculated his days of credit, and (3) the abstract of judgment reflects an incorrect offense. We will stay the sentence on count 2 and order the abstract of judgment amended. We will affirm as modified.

## DISCUSSION

**I.      Section 654**

Defendant contends section 654 bars separate punishment for the evading and resisting counts because the prosecutor's theory did not distinguish between the conduct supporting the two counts. The People concede the sentence on the resisting count must be stayed.

Section 654, subdivision (a) provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." "Section 654 precludes multiple punishment for a single act or omission, or an indivisible course of conduct." (*People v. Deloza* (1998) 18 Cal.4th 585, 591.) "If … a defendant suffers two convictions, punishment for one of which is precluded by section 654, that section

---

[1]      All statutory references are to the Penal Code unless otherwise noted.

requires the sentence for one conviction to be imposed, and the other imposed and then stayed." (*Id.* at pp. 591-592.)

While arguing this case to the jury, the prosecution did not distinguish between the conduct comprising the two offenses, and she identified the same officer as being involved in both offenses. Because it would have appeared to the jury that the offenses were based on the same conduct, we accept the People's concession and will modify the judgment accordingly.

## II. Credits

Defendant argues that he should have been granted one more day of actual custody to account for a partial day, for a total of 119 actual days. The People respond that the trial court did correctly grant 119 actual days and 118 days of custody credit, although the abstract of judgment incorrectly reflects the opposite. We agree with the People that the trial court granted 119 actual days' credit. We will order the abstract corrected.

## III. Abstract of Judgment

Defendant correctly points out that the abstract of judgment reflects an incorrect offense. The People note that the abstract also erroneously reflects that defendant pled guilty to count 1. We will order these corrections as well.

## DISPOSITION

The judgment is modified to stay the sentence on count 2 for resisting arrest. The clerk of the superior court is directed to amend the abstract of judgment to reflect that (1) the conviction on count 1 for evading an officer was a violation of Vehicle Code section 2800.2, subdivision (a), not Vehicle Code section "2800.0(a)," (2) the conviction on count 1 for evading an officer was by jury trial, not guilty plea, and (3) defendant received 119 days of actual credit and 118 days of conduct credit. As modified, the judgment is affirmed.

3.